AO 91
Rev. 11/82

**CRIMINAL COMPLAINT**

ORIGINAL

UNITED STATES DISTRICT COURT    CLERK, U.S. DISTRICT COURT    CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>DAVID RICHARD MENDEZ<br>and<br>LISA MARIE APPLING-ROQUE | NOV 3 0 2006<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>06-2049M |

COPY
06-2049M

Complaint for violation of Title 18, United States Code, Sections 1791(a)(2) and (a)(1)

CR07-0007

| NAME OF MAGISTRATE JUDGE<br><br>HONORABLE CHARLES F. EICK | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br><br>Los Angeles, CA |
|---|---|---|

| DATE OF OFFENSE<br>March 27, 2004 | PLACE OF OFFENSE<br>Santa Barbara<br>County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

    On or about March 27, 2004, in Santa Barbara County, within the Central District of California, defendant DAVIS RICHARD MENDEZ, an inmate in the United States Penitentiary at Lompoc, California, knowingly possessed a prohibited object, specifically, heroin, in violation of Title 18, United States Code, Section 1791(a)(2) (Possessing Contraband in Prison).
    On or about March 27, 2004, in Santa Barbara County, within the Central District of California, defendant LISA MARIE APPLING-ROQUE, contrary to Title 28, Code of Federal Regulations, Section 6.1, provided a prohibited object, to wit, heroin, to David Richard Mendez, an inmate of the United States Penitentiary at Lompoc, California, in violation of Title 18, United States Code, Section 1791(a)(1) (Providing Contraband in Prison).

DOCKETED ON CM

DEC 1 4 2006

BY _____ 015

| BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:<br>    (See attached affidavit which is incorporated as part of this Complaint) |
|---|
| MATERIAL WITNESSES IN RELATION TO THIS CHARGE: |

| Being duly sworn, I declare that the<br>foregoing is true and correct to the<br>best of my knowledge. | SIGNATURE OF COMPLAINANT<br>DIETER WILLKOMM |
|---|---|
| | OFFICIAL TITLE<br>Special Agent-Federal Bureau of Investigation |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1)<br><br>CHARLES F. EICK | DATE<br><br>November 30, 2006 |
|---|---|

1) See Federal Rules of Criminal Procedure Rules 3 and 54.
AUSA: Rozella A. Oliver     REC: Detention (Warrant for both)

# AFFIDAVIT

I, Dieter Willkomm, being duly sworn, hereby depose and state:

1.  I am a Special Agent ("SA") of the Federal Bureau of Investigation (FBI) and have been so employed for the past nine years.  I am currently assigned to the Santa Maria Resident Agency ("SMRA") of the Los Angeles Division of the FBI, which is responsible for the investigation of, among other things, offenses committed at U.S. Penitentiary Lompoc, California. During my career as a special agent, I have participated in numerous investigations involving the introduction and possession of contraband into a federal prison in violation of Title 18, United States Code, Section 1791.

2.  This affidavit is submitted in support of a criminal complaint charging DAVID RICHARD MENDEZ and LISA MARIE APPLING-ROQUE with violations of Title 18, United States Code, Section 1791(a) (Providing or Possessing Contraband in Prison).

3.  The facts set forth in this affidavit are based upon my own personal observations, my training and experience, and information obtained during this investigation from other sources, including: (a) other law enforcement agents; (b) statements made or reported by various witnesses with personal knowledge of relevant facts; and (c) my review of records obtained during the course of this investigation, as well as

summaries and analyses of such records that have been prepared by others.

4.    This affidavit is made for the sole purpose of demonstrating probable cause for the complaint and does not purport to set forth all of my knowledge of this investigation.

APPLICABLE STATUTES

5.    Title 18, United States Code, Section 1791(a) provides, in part, that whoever:

> (1) in violation of a statute or a rule or order issued under a statute, provides to an inmate of a prison a prohibited object, or attempts to do so; or
> (2) being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object; [shall be punished as provided by statute].

6.    Title 28, Code of Federal Regulations, Section 6.1 provides as follows:

> The introduction or attempt to introduce into or upon the grounds of any Federal penal or correctional institution or the taking or attempt to take or send therefrom anything whatsoever without the knowledge and consent of the warden or superintendent of such Federal penal or correctional institution is prohibited.

7.    The term "prohibited object" includes a schedule I controlled substance.  18 U.S.C. § 1791(d)(1)(A).  Heroin is a schedule I controlled substance.  21 U.S.C. § 812(b).

FACTS ESTABLISHING PROBABLE CAUSE

8.  On or about March 23, 2004, the Special Investigative Services ("SIS") Office, U.S. Penitentiary, Lompoc, CA ("USPLC") received information from an informant that DAVID RICHARD MENDEZ,

2

an inmate at USPLC, was making arrangements to have contraband introduced into the prison through the visiting room.

9.  On March 27, 2004, LISA MARIE APPLING-ROQUE visited inmate MENDEZ at the USPLC visiting room.

10.  Alerted to the possibility of contraband being introduced into the prison to MENDEZ, SIS Lieutenant Robert Lynn and other USPLC staff conducted a surveillance of APPLING's visit with MENDEZ on March 27, 2004.

11.  From my discussions with SIS Lieutenant Lynn and a review of reports prepared as part of this investigation, I have learned the following information about this March 27th visit:

    a.   During the visit, at approximately 12:40 p.m., APPLING went to the restroom and then returned to her assigned seat in the visiting room.  A couple of minutes later, APPLING stood up and gave MENDEZ a long, open-mouth kiss.

    b.   USPLC staff immediately terminated the visit and searched MENDEZ for contraband on his person with negative results.

    c.   After USPLC officers searched MENDEZ for contraband, MENDEZ was immediately placed into a dry cell, which is a one-person cell with no plumbing, based on the suspicion that MENDEZ had ingested narcotics.

12.  Based upon my discussions with USPLC staff and a review of reports prepared as part of this investigation, I have learned

3

the following information about what happened while MENDEZ was in the dry cell:

      a.   On March 28, 2004, USPLC officers performed another search of MENDEZ. During the search, one piece of cellophane containing a brown sticky substance was found on MENDEZ's person. The brown substance later tested positive for heroin.

      b.  On March 30, 2004, at approximately 12:45 p.m., USPLC officers found two green balloons in MENDEZ's feces.

      c.   The following day, March 31, 2004, at approximately at 4:40 p.m., USPLC Intelligence Officer T. Reid found a small amount of feces mixed into the salad portion of MENDEZ's food tray. MENDEZ was strip searched with negative results. During a search of the area immediately outside of MENDEZ's dry cell, USPLC officers found several pieces of toilet paper and one small, empty orange balloon.

      d.   During an interview that same day, MENDEZ told USPLC officers that he had defecated earlier that day (unbeknownst to the guard watching him) and then swallowed two balloons. MENDEZ told the USPLC officers that, if the officers came back later that day (March 31), MENDEZ would provide whatever they "were looking for."

      e.   Later on March 31, 2004, at approximately 7:35 p.m., MENDEZ had a bowel movement. USPLC Intelligence Officer E.

Ricolcol searched through MENDEZ's feces and found a red balloon filled with a brown substance, which later tested positive for heroin.  This incident was videotaped.

f.   On April 1, 2004, at approximately 11:10 p.m., MENDEZ had another bowel movement.  USPLC Intelligence Officer M. J. Troy searched through MENDEZ's feces and found one green and one yellow balloon filled with suspected narcotics.

g.   On April 2, 2004, defendant was released from the dry cell.

13.  On November 29, 2004, the cellophane containing a brown substance found during the March 28th search of MENDEZ and the balloons retrieved from MENDEZ's feces were sent to a Drug Enforcement Administration (DEA) laboratory for analysis.  The DEA Laboratory results, which I reviewed on November 27, 2006, determined that the contents of the cellophane and each balloon had detectable amounts of heroin.  The total net weight of the brown substance found in the cellophane and the balloons was 13.9 grams.  (The total weight of pure heroin found was 5.74 grams.)

14.  On December 8, 2004, MENDEZ was interviewed by FBI Special Agents at the United States Penitentiary, Victorville, CA.  During the interview, MENDEZ acknowledged that he had been placed in a dry cell, but made no admission about receiving any contraband.

5

15.  On April 5, 2005, APPLING was interviewed by FBI Special Agents Anastasia McDermott and Rhonda Montrose at the FBI Office in Long Beach, CA.  Based on a review of a report of that interview and of APPLING's written statement, I know the following:

a.  APPLING has known MENDEZ for approximately twenty years.

b.  APPLING and MENDEZ were in a relationship prior to MENDEZ's incarceration at the USPLC.  Since MENDEZ's incarceration, APPLING maintained an on-off relationship with MENDEZ.

c.  On March 27, 2004, APPLING and her son visited MENDEZ at the USPLC.  Prior to entering the USPLC, APPLING placed balloons containing heroin inside her bra.  During their visit, APPLING went to the restroom and put the drugs in her mouth.

d.  After returning to the visiting room, APPLING gave MENDEZ a hug and "spit" the drugs into his mouth.

e.  The following day, March 28, 2004, APPLING again visited MENDEZ at USPLC.  APPLING was told that MENDEZ was banned from receiving visitors.

f.  APPLING admitted to providing heroin to MENDEZ on prior occasions, explaining that she and MENDEZ would discuss their plans for introducing the heroin during APPLING's visits to USPLC.

6

16.   I have reviewed the visitor history for MENDEZ at USPLC.  That history corroborates APPLING's statements that she visited MENDEZ on March 27 and again on March 28, 2004.

17.   Based on the above facts, my training and prior experience, I believe there is probable cause to establish that MENDEZ possessed heroin in a prison and that APPLING provided heroin to MENDEZ in prison, in violation of Title 18, United States Code, Section 1791(a).

DIETER WILLKOMM
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

SUBSCRIBED TO AND SWORN BEFORE ME
THIS 30th TH DAY OF NOVEMBER 2006

HON. CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

7